Filed 1/7/22  P. v. Walters CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EVAN HARVEY WALTERS,<br><br>    Defendant and Appellant. | C093507<br><br>(Super. Ct. No. 17CR000015) |

Defendant Evan Harvey Walters was in his third year of a five-year term of probation when the trial court revoked his probation and imposed the previously imposed sentence with suspended execution.  Defendant claims Assembly Bill No. 1950 (2019-2020 Reg. Sess.) (Assembly Bill 1950) retroactively shortened his probation term such

1

that it ended before the violative conduct occurred, divesting the trial court of jurisdiction to formally revoke his probation and commit him to prison. We affirm the judgment.

## BACKGROUND

The prosecution charged defendant with failing to update his address within the statutory requirements, a felony in violation of Penal Code section 290.013, subdivision (a).[1] On June 12, 2017, defendant entered into a stipulated agreement wherein he agreed to plead guilty in exchange for an agreed-upon sentence of three years in prison, suspended in favor of five years of probation with a 90-day jail sentence and community service. The parties also stipulated to the existence of a factual basis for the plea.

The prosecutor subsequently filed two petitions for violations of probation. Defendant admitted violating probation each time and probation was twice reinstated. On August 28, 2020, the prosecutor filed a third petition for violation of probation, and the trial court summarily revoked defendant's probation on September 21, 2020. On November 6, 2020, a hearing was held on the third petition. The trial court accepted defendant's admission of the violation and the matter was continued to obtain an updated probation report. On January 5, 2021, the trial court told defendant he would not place him back on probation. Instead, the trial court formally terminated probation and committed defendant to the Department of Corrections and Rehabilitation on the three-year sentence that was previously imposed.

## DISCUSSION

Defendant contends the trial court never had jurisdiction to revoke his probation because Assembly Bill 1950, as a matter of law, retroactively changed the term of his probation to two years. As a result, defendant argues, his probation terminated after

---

[1] Undesignated statutory references are to the Penal Code.

2

two years of service and the trial court did not have jurisdiction to find him in violation for conduct committed in his third year of probation or to commit him to prison. The People agree that the provisions of Assembly Bill 1950 apply retroactively to all cases not yet final on appeal, including defendant's, but maintain the trial court did have jurisdiction to revoke defendant's probation and lift the suspended execution of sentence. The People further argue that the rules of retroactivity do not operate to undo an otherwise valid revocation of probation.

A

Effective January 1, 2021, Assembly Bill 1950 amended section 1203.1, subdivision (a) to limit the probation term for felony offenses to two years, except in circumstances not present here. (Stats. 2020, ch. 328, § 2; *People v. Lord* (2021) 64 Cal.App.5th 241, 245 (*Lord*).)

Generally, "where [an] amendatory statute mitigates punishment and there is no saving clause, the rule is that the amendment will operate retroactively so that the lighter punishment is imposed," so long as the amended statute takes effect before the judgment of conviction is final. (*In re Estrada* (1965) 63 Cal.2d 740, 748.) "This rule rests on an inference that when the Legislature has reduced the punishment for an offense, it has determined the 'former penalty was too severe' [citation] and therefore 'must have intended that the new statute imposing the new lighter penalty . . . should apply to every case to which it constitutionally could apply' [citation]." (*People v. DeHoyos* (2018) 4 Cal.5th 594, 600.)

Appellate courts, including this one, have held that Assembly Bill 1950 retroactively applies to probationers whose cases are not yet final. (*Lord, supra*, 64 Cal.App.5th at p. 246; *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964 (*Sims*); *People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1073-1074, review granted June 30, 2021, S268787; *People v. Burton* (2020) 58 Cal.App.5th Supp. 1, 14-19; see also *People v. Esquivel* (2021)

3

11 Cal.5th 671.)  This is largely because Assembly Bill 1950 is an ameliorative change that decreases punishment.  "With certain exceptions, the new law limits the term of probation for a felony conviction to two years.  While probation is not considered punishment in the same way incarceration is, it is clear probation is ' a "form of punishment." ' " (*Lord,* at p. 245.)  In addition, there is no saving clause in Assembly Bill 1950 "or other indication it should be applied prospectively only" (*ibid.*), and the "legislative history demonstrates that the amendment was motivated by concerns that apply to current probationers as much as future ones" (*Stewart,* at p. 1073).

B

The People argue the retroactivity of Assembly Bill 1950 does not help defendant because the trial court summarily revoked defendant's probation before Assembly Bill 1950 became effective, and the summary revocation tolled defendant's probation under section 1203.2.  Section 1203.2 provides that if there is "probable cause to believe that the supervised person is violating any term or condition of the person's supervision," the person may be rearrested and "the court may revoke and terminate the supervision of the person if the interests of justice so require . . . ."  (§ 1203.2, subd. (a).)  Revocation under this provision, "summary or otherwise, shall serve to toll the running of the period of supervision."  (*Ibid.*)

The California Supreme Court addressed the nature of the tolling provision in *People v. Leiva* (2013) 56 Cal.4th 498 (*Leiva*).  It found the Legislature intended the tolling provision "to preserve the trial court's authority to hold a formal probation violation hearing at a time after probation would have expired with regard to a violation that was alleged to have occurred during the probationary period."  (*Id.* at pp. 514-515, italics omitted.)  The court explained that formal proceedings are not " 'to revoke probation, as the revocation has occurred as a matter of law; rather, the purpose is to give the defendant an opportunity to require the prosecution to prove the alleged violation occurred and justifies revocation.' . . .  Accordingly, a trial court can find a violation of

4

probation and then reinstate and extend the terms of probation 'if, and only if, probation is reinstated based upon a violation that occurred during the unextended period of probation.' [Citation.]" (*Id*. at pp. 515-516, italics omitted.)

Defendant counters that Assembly Bill 1950 retroactively rendered his third year of probation a nullity, and thus a revocation of probation could not have occurred during that third year. The People urge that such an argument goes beyond the ameliorative benefit of Assembly Bill 1950 and would create a legal fiction that no violation occurred.

In 2020, defendant was in his third year of probation and Assembly Bill 1950 was not yet in effect. Defendant's probation had not expired when, in August, the prosecutor alleged that defendant violated the terms of his probation. The trial court had jurisdiction to summarily revoke petitioner's probation, which it did on September 21, 2020. This tolled defendant's probation under section 1203.2. Defendant's status on probation was essentially "frozen" for the purpose of later prosecution for the alleged violation. (*Leiva, supra*, 56 Cal.4th at p. 515.)

Assembly Bill 1950 did not eliminate the trial court's authority to revoke defendant's probation, given that the violation and revocation occurred when defendant was actually on probation. (See, e.g., *People v. Buycks* (2018) 5 Cal.5th 857, 892 [Prop. 47 retroactively reduced a felony drug conviction to a misdemeanor, but did not retroactively undo the defendant's felony conviction for his failure to appear on that original felony drug charge].) Assembly Bill 1950 did not modify sections 1203.2 or 1203.3, the provisions dealing with revocation of probation and tolling. The fact that the trial court formally terminated probation in 2021, after the effective date of Assembly Bill 1950, does not change our conclusion. At all times while defendant's probation was tolled, the trial court retained the authority to determine whether there had been a violation during probation. (*Leiva, supra*, 56 Cal.4th at p. 515.)

The legislative history of Assembly Bill 1950 indicates the Legislature sought to limit the risk of future violations (*Sims, supra*, 59 Cal.App.5th at p. 961) but not ignore

5

violations and revocations that already occurred during probation before Assembly Bill 1950 went into effect.

DISPOSITION

The judgment is affirmed.

/S/
MAURO, J.

We concur:

/S/
BLEASE, Acting P. J.

/S/
RENNER, J.